UNITED STATES *v.* HENSEL, BRUCKMANN & LORBACHER

**No. 6021.**—Invoices dated Krefeld, Germany, September 1, 1936, etc.
Entered at New York, N. Y., September 17, 1936, etc.
Entry No. 736013, etc.

## Third Division, Appellate Term

(Decided May 29, 1944)

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for
the appellant.
*John D. Rode* for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: This application for review involves 127 reappraisement appeals. The merchandise consists of certain turned and unturned steel tubing exported from Germany January 18, 1936, to April 22, 1939. The merchandise covered by the appeals before us was entered at the United States value under so-called duress, pending decision in the test case. This division of the court finally decided in the test case that the merchandise was properly dutiable on the basis of the cost of production. See *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.,* Reap. Dec. 5161, 6 Cust. Ct. 832. Thereafter these cases were regularly docketed for hearing and at the trial below motions by the Government for a continuance and also to suspend for the duration of the war were denied. Motions were then made by the importer and granted over Government objection to consolidate the appeals for trial and to incorporate the record in Reap. Dec. 5161, *supra,* with the record in the instant case.

The importer testified that the conditions covering the manufacture and sale of the imported merchandise were substantially the same as to costs as those governing the merchandise covered by the test case, and he fully substantiated his testimony in the test case as applying to the merchandise herein. After denying the Government's objection to the submission of the reappraisements as prejudicial to the interests of the United States, the trial court, following the decision of this division in the test case, held that the cost of production was the proper basis for appraisement. In so finding the trial court considered the affidavit of the exporter (exhibit 26 in the test case) as to the cost of production, as being broad enough to cover the period of exportation of the merchandise here under consideration extending

from the year 1936 through the first part of the year 1939. The trial court took particular note of the fact that from 1934 through 1939 this class of merchandise was invoiced, entered, and appraised at the same or approximately the same value, and considered that such state of facts was sufficient to indicate a steady market or value for the merchandise during such period.

In its various assignments of error the Government contends first, that the court below erred in consolidating the cases; in denying the motion to suspend for the duration; in denying the request for a continuance and thus denying the Government an opportunity to obtain evidence as to the cost of production, and in denying the Government's objection to the submission of the cases.

Second, error was assigned because of the incorporation of the record in the test case and in the trial court's holding that the affidavit therein (exhibit 26) established statutory cost of production for merchandise exported between March 1937 and June 1939; in accepting as evidence the statements therein that the costs indicated in such exhibit would ordinarily make possible the manufacture and production in the usual course of trade of all shipments of tubes made after November 1, 1935; and in not holding "the figures of cost of production in exhibit 26 in Reap. Dec. 5161 were inapplicable to the" merchandise in the instant case because each of the buyers purchased steel tubing under different specifications.

Third, error is claimed because the court below noted that the official records show that between 1934 through 1939 this merchandise was invoiced, entered and appraised at the same or approximately the same, value and accepted such facts as sufficient to establish a steady market or value for the merchandise during such period.

And finally, error is assigned by the Government for denial of its motion to dismiss for failure of proof and in entering judgment that the—

* * * cost of production of the merchandise covered by the appeals listed in schedule A, attached to my decision herein and made a part hereof, is, for the black or unturned tubing, R. M. 27.90 per 100 kilos, and for the turned tubing, R. M. 30.15 per 100 kilos. * * *

and in not entering judgment holding the merchandise dutiable on the basis of the United States value in the amounts returned by the appraiser.

In considering the assignments of error grouped under the Government's first contention, we find that the court below properly consolidated the cases for hearing and refused to suspend or to continue the same, and rightly overruled the Government's objection to the submission of the cases. We heartily agree with the reasons so suc-

cinctly set out in the decision of the trial court (Reap. Dec. 5909) for its action upon the foregoing motions and feel that it would serve no good purpose to reiterate the same here.

As to the incorporation of the record in the test case and a consideration of the cost of production evidence therein, numbered exhibit 26, in the second group of assignments of error, we are of the opinion that the trial court neither abused its discretion in incorporating the record nor erred in considering the evidence contained in said exhibit as applicable to the merchandise herein. An examination of the exhibit discloses that the affiant was in charge of all cost calculations as to all tubes from 1932 until the day the affidavit was signed, to wit, May 3, 1939, and was thoroughly familiar with costs of all tubes delivered since November 1935, including "the cost of materials, the cost of manufacture and the cost of all other work required in the manufacture and production of such tubes or similar tubes just prior to November 1935." The affiant further states that the costs given in the affidavit as prevailing prior to November 1935. "would ordinarily make possible the manufacture and production in the usual course of business of all of the shipments of tubes made after November 1, 1935." A consideration of the record showing that there had been no change in the invoice prices since 1934 and that the appraiser recognized that the American selling prices were the same during that period is, in our opinion, sufficient to indicate that such prices reflect an unchanged cost basis. Therefore we fail to find that the court erred as heretofore set out in the third contention.

Section 501 of the Tariff Act of 1930 provides that the single judge after affording the parties an opportunity to be heard shall determine the value of the merchandise. By amendment (Customs Administrative Act of 1938) it was further provided that the single judge shall "determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing." We find no provision in the statute for a dismissal of an appeal for a reappraisement because of failure of proof. Therefore the finding of value by the trial judge is in accordance with statutory directives.

A consideration of the record as a whole is convincing that the trial court properly held the—

* * * cost of production of the merchandise covered by the appeals * * * is for the black or unturned tubing, R. M. 27.90 per 100 kilos, and for the turned tubing R. M. 30.15 per 100 kilos. * * * .

We therefore make the following findings of facts:

1. That the merchandise herein consists of steel tubing exported from Krefeld, Germany, from January 1936 to April 1939.

2. That there is neither a foreign, export, nor United States value for the merchandise, and the value thereof for dutiable purposes is applicable under the provisions of section 402 (f) of the Tariff Act of 1930.

3. That the cost of production for said merchandise under said section 402 (f) is as found by the trial court as to the cost of material, labor, general expenses, preparation for shipment, and profit, the total of which is, for turned tubing R. M. 30.15 per 100 kilos, and for unturned tubing R. M. 27.90 per 100 kilos. ·

We therefore hold as matter of law that the correct dutiable value of the merchandise is as set forth in finding of fact No. 3, and the judgment of the lower court is affirmed.